IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEROME R. JOHNSON,** | |
| **Petitioner,** | |
| v. | Case No. 23-CV-03856-SPM |
| **NORTHERN DISTRICT OF ILLINOIS, et al.,** | |
| **Respondents.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Jerome R. Johnson is an inmate presently housed at Lawrence Correctional Center in Illinois. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 6, 2023. (*See* Doc. 1). On February 27, 2024, the Court denied Petitioner Johnson's Motion for Leave to Proceed *in forma pauperis* and ordered him to pay the $5.00 filing fee for this action no later than March 28, 2024. (*See* Doc. 16). Petitioner Johnson failed to pay the filing fee and instead filed a Motion for Leave to Appeal *in forma pauperis* (Doc. 17), which this Court denied as premature (*see* Doc. 18), and a Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 19). For the reasons stated below, Johnson's Petition is **DENIED**. Accordingly, his Motion for Preliminary Injunction and Temporary Restraining Order is **DENIED as moot**.

Because Petitioner Johnson has failed to pay the assessed filing fee, the Court may dismiss this action with prejudice for failure to pay the filing fee, failure to follow the Court's orders, and failure to prosecute. *See* FED. R. CIV. P. 41(b); *see generally*

*James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). However, even though Johnson has not paid the filing fee, the Court will conduct preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts in the interest of judicial economy.

Petitioner Johnson included a copy of the Order denying a previous Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 in his Motion for Preliminary Injunction and Temporary Restraining Order. (*See* Doc. 19, pp. 9–12); *Johnson v. Brookhart*, No. 23-cv-00415 (N.D. Ill. 2023) (Doc. 32).[1] This case, initially filed in this District as *Johnson v. Landtrust*, No. 22-cv-02371 (S.D. Ill. 2023), was transferred to the Northern District of Illinois in January 2023 and adjudicated on the merits in October 2023. *See Johnson v. Brookhart*, No. 23-cv-00415 (Doc. 32).

Notably, 28 U.S.C. § 2244(a) states that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.

Section 2244(b) states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Those not previously raised "shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to

---

[1] It appears that Johnson did not pay the filing fee in *Johnson v. Brookhart*, No. 23-cv-00415 (N.D. Ill. 2023), either.

cases on collateral review by the Supreme Court, that was previously unavailable" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

Johnson has forwarded the exact same document as filed in the Petition adjudicated in the Northern District, meaning that his claims were raised in his previous Petition. *See Johnson v. Brookhart*, No. 23-cv-00415 (Doc. 25, pp. 1–7); (Doc. 1, pp. 1–7). While it is unclear whether or not he is attempting to raise new claims, even if he were able to prove that such claims meet both of the prongs of § 2244(b)(2)(B), Johnson must still seek certification from the Seventh Circuit to file a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Even if he had sought the appropriate certification, it is unclear whether or not Johnson has exhausted the state administrative remedies available to him. Regardless of this fact, the failure to obtain certification from the Seventh Circuit is fatal to the instant Petition because it means that this Court is bereft of subject-matter jurisdiction to consider it.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition." Therefore, Johnson's Petition must be dismissed.

## CONCLUSION

For the reasons set forth above, Jerome R. Johnson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case on the Court's docket. In light of this ruling, Johnson's Motion for Preliminary Injunction and Temporary Restraining Order is **DENIED as moot**.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Johnson has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned

concludes that reasonable jurists would not find the disposition of this case debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** April 3, 2024

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**